UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| TORY M. PANKOPF, LTD., | Case No.: 3:25-cv-00670-MMD-CLB |
| Plaintiff, | ORDER |
| v. | |
| ROBERT SLOVAK, | |
| Defendant. | |

## I.    SUMMARY

Plaintiff Tory M. Pankopf, Ltd. ("Pankopf") sued Defendant Robert Slovak in state court asserting state-law claims arising from an attorney-client relationship, including enforcement of attorney's liens, declaratory relief, and breach of contract. (ECF No. 5-2.) Slovak, proceeding pro se, removed the case to this Court. (ECF No. 1 ("Petition").) Pankopf now moves to remand, contending, in part, that removal is improper under the procedural requirements of 28 U.S.C. § 1446(d). (ECF No. 5 ("Motion").)[1] Pankopf also filed a motion to strike Slovak's Petition. (ECF No. 11.) As further explained below, the Court finds that removal is improper based on procedural defects and will grant Plaintiff's Motion to remand this case to the Second Judicial District Court.

## II.   RELEVANT BACKGROUND

Plaintiff Pankopf is a Nevada limited liability company with its principal place of business in Nevada, and Defendant Slovak is a resident of Ventura County, California.[2]

---

[1]Defendant filed a response (ECF No. 7), and Plaintiff replied (ECF No. 9).

[2]For purposes of the Court's diversity analysis, the Court notes a dispute as to Slovak's citizenship. In his Petition, Slovak alleges that he is a resident of Ventura County, California. (ECF No. 1 at 2.) However, in his sworn declaration testimony signed in October 2020 and 2021, prior to the removal Petition and the commencement of this action, Slovak stated that he was a resident of Nevada. (ECF No. 5-8 at 2; ECF No. 5-9.) In his response to the Motion, Slovak explains that he moved to California in March 2024 for medical treatment and has resided there since then. (ECF No. 7 at 2.)

(ECF No. 5 at 6; *see also* ECF No. 5-8.) In 2018, Slovak retained Pankopf to represent him in prior federal litigation, *Robert A. Slovak v. Wells Fargo Bank, N.A., et al.*, Case No. 3:13-cv-00569-MMD-CLB, in the United States District Court for the District of Nevada (the "Federal Action"). (ECF No. 5-2 at 3.)

On October 16, 2025, Pankopf filed its complaint in Washoe County, Nevada's Second Judicial District Court, asserting claims for the enforcement of attorney's charging and retaining liens, declaratory relief as to the validity and amount of the liens, and breach of contract for allegedly unpaid attorney's fees. (ECF No. 5-2 at 5-7.) Pankopf alleges that Slovak owes approximately $198,748.95 in outstanding attorney's fees. (*Id.* at 5.)

On November 21, 2025, Slovak removed the action based on diversity jurisdiction and filed his notice of removal in this Court. (ECF No. 1 at 2.) The parties dispute when, and whether, Slovak served written notice of the removal on Pankopf and filed the notice in state court. Slovak contends that he served Pankopf with written notice of removal and filed the notice in state court on November 24, 2025 (ECF No. 7 at 2, 4), whereas Pankopf asserts that it was "never served" and that notice was not timely filed in state court, emphasizing that Slovak waited 48 days until "attempt[ing] to file" on January 8, 2026 (ECF No. 5 at 2, 4-5). On January 9, 2026, Pankopf filed its Motion (ECF No. 5), and, on February 1, 2026, Pankopf filed its motion to strike Defendant's Petition (ECF No. 11).

## III. DISCUSSION

Pankopf asserts three grounds for removal: (1) failure to comply with the procedural requirements for removal under 28 U.S.C. § 1446(d); (2) attempting removal "after losing standing as a defaulted party"; and (3) a lack of diversity jurisdiction. (ECF No. 5 at 6.) Slovak counters that the parties are sufficiently "diverse" and that, therefore, the Court should not be prevented from exercising diversity jurisdiction and further contends that removal was procedurally proper. (ECF No. 7.) The Court agrees that diversity jurisdiction exists. However, the Court finds that procedural defects preclude removal under 28 U.S.C. § 1446 and will therefore grant the Motion. The Court will first

address diversity jurisdiction, as a threshold matter, before turning to the procedural defects argument.[3]

### A.    Subject Matter Jurisdiction: Diversity

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. *See* U.S. Const. art. III, § 2, cl. 1; *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Accordingly, a defendant may remove a suit filed in state court to federal court only if the federal court would have had original jurisdiction over the suit at commencement of the action. *See* 28 U.S.C. § 1441(a). "If a case is improperly removed, the federal court must remand the action because it has no subject-matter jurisdiction to decide the case." *ARCO Env't Remediation, L.L.C. v. Dep't of Health & Env't Quality of Montana*, 213 F.3d 1108, 1113 (9th Cir. 2000). The party seeking removal bears the burden of establishing federal jurisdiction. *See Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006).

To establish subject matter jurisdiction pursuant to diversity of citizenship under § 1332(a), the party asserting jurisdiction must show: (1) complete diversity of citizenship among opposing parties; and (2) an amount in controversy exceeding $75,000. 28 U.S.C. § 1332(a). "Diversity removal requires complete diversity, meaning that each plaintiff must be of a different citizenship from each defendant." *Grancare, LLC v. Thrower by and through Mills*, 889 F.3d 543, 548 (9th Cir. 2018) (citing *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996)).

The parties do not dispute that the amount in controversy (i.e., $198,748.95 in alleged attorney's fees) exceeds $75,000. Instead, Pankopf argues the Court should remand this case for lack of diversity, asserting that both Pankopf and Slovak are residents of Nevada and citing sworn declarations from October 2020 and 2021 in which Slovak states that he is "a resident of the state of Nevada." (ECF No. 5 at 6 (citing ECF

---

[3]Because the Court grants the Motion based on procedural defects, it does not reach or address additional arguments as to other grounds for remand.

No. 5-8 at 2; ECF No. 5-9).) Slovak responds that complete diversity exists because, although he was formerly a Nevada resident, he moved to California in March 2024 for medical treatment, has resided there since, and was physically present in California both at the commencement of this action in October 2025 and at the time he filed his Petition. (ECF No. 7 at 2; *see also* ECF No. 4.) The Court agrees with Slovak.

Accordingly, because diversity jurisdiction is determined at the time of removal, and because Slovak was domiciled in California at that time, the Court finds that complete diversity exists, and therefore the Court has subject matter jurisdiction.

**B.     Procedural Requirements Under 28 U.S.C. § 1446(d)**

The Court next turns to the alleged procedural defects in removal. Pankopf asserts that Slovak's removal was "defective" because he failed to comply with the procedural requirements under 28 U.S.C. § 1446(d). (ECF No. 5 at 4-5.) Under 28 U.S.C. § 1446, removal is effective only if "[p]romptly after the filing of [the] notice of removal," a defendant (1) (provides written notice to all adverse parties; and (2) files a copy of the notice with the state court clerk.

In particular, Pankopf contends that the Court should remand for procedural defects under 28 U.S.C. § 1446(d) because Slovak: (1) failed to serve written notice on Plaintiff; and (2) failed to "promptly" file notice with the state court by waiting 48 days (i.e., until January 8, 2026). (*Id.*) In response, Slovak counters that, "Plaintiff was timely notified of removal on November 24, 2025," and that, "Plaintiff was served with Mr. Slovak's . . . Notice of Removed Case (filed in state court) on November 24, 2025." (ECF No. 7 at 1-2, 4.) The Court agrees with Pankopf.

28 U.S.C. § 1446(d) requires that notice of removal be served "promptly" on the adverse parties and filed with the state court. Here, the Court finds the undisputed record shows that, based on the timestamp, the written "Notice of Removed Case" ("Notice") was not filed with the state court until January 8, 2026, approximately 48 days after the notice was first filed in federal court on November 21, 2025. (*See* ECF No. 7 at 5.) Additionally, the Notice was purportedly served on Plaintiff the same day—January 8,

4

2026.[4] (*Id.*) Thus, the notice of removal was not "promptly" filed with the state court or served on Plaintiff.

A plaintiff may "move to remand the case to state court within the 30-day time limit [for contesting a procedural violation of the removal statute]." *See Lively v. Wild Oats*, 456 F.3d 933, 940 (9th Cir. 2006); *see also* 28 U.S.C. § 1447(c) (requiring that "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal"). Slovak argues that Pankopf's Motion to remand, filed on January 9, 2026, is untimely under 28 U.S.C. § 1447(c) because it was filed more than 30 days later. (ECF No. 7 at 3.) Yet, the Court is unpersuaded by this argument, because, as mentioned above, the written notice of removal was not served on Plaintiff until January 8, 2026, approximately one day prior to the filing of the Motion. Accordingly, the Court will grant the Motion based on these procedural defects.

## IV.    ATTORNEYS' FEES

Pankopf requests an award of attorneys' fees and costs incurred in seeking remand in an amount of $9,900.00. (ECF No. 5 at 6-7.) "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The Court finds the circumstances here do not support an award of attorneys' fees and costs. Accordingly, the Court denies the request.

///

///

[4]The "Notice of Removed Case" that Defendant attached with his response (ECF No. 7 at 5) does not include a certificate of service to show when the Notice was served on Plaintiff. Plaintiff argues that the "Certificate of Service," containing a November 24, 2025 date, is false. (ECF No. 9 at 2.) Plaintiff contends it did not receive the Notice until January 8, 2026. (*Id.* at 3.) To the extent the Certificate of Service attached to Defendant's response (ECF No. 7 at 27 (Ex. 1:23) ("Certificate")) is a certificate of service evidencing service of the Notice, the date on the Certificate (November 24, 2025) preceded the date of the Notice (January 8, 2026). Thus, the Notice did not exist as of the date of the Certificate, supporting the conclusion that, at a minimum, the date of the Certificate is incorrect. Moreover, the Certificate itself does not identify or describe the "foregoing document" that was served. (*Id.*)

## V.   CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the Motion before the Court.

It is therefore ordered that Pankopf's motion to remand to state court (ECF No. 5) is granted. This action is remanded to the Second Judicial District Court in Washoe County, Nevada.

It is further ordered that Pankopf's motion to strike Slovak's Petition (ECF No. 11) is denied as moot.

It is further ordered that this case is remanded. The Clerk of Court is directed to close the case.

DATED THIS 15th Day of April 2026.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE